UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CIV-62311-GAYLES
MAGISTRATE JUDGE P.A. WHITE

PRIMITIVO MORALES,                    :

    Petitioner,                 :

v.                                    :            REPORT OF
                                                   MAGISTRATE JUDGE
JULIE JONES,                          :

    Respondent.                 :

_____

## Introduction

Primitivo Morales, who is presently confined at Wakulla
Correctional Institution in Crawfordville, Florida, has filed a pro
se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,
attacking his conviction and sentence in case number 04-16003 CF
10A, entered in the Seventeenth Judicial Circuit Court of Broward
County.

This cause has been referred to the undersigned for
consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and
Rules 8 and 10 of the Rules Governing Section 2254 Cases in the
United States District Courts.

The court has before it the petition for writ of habeas corpus
[DE#1], Respondent's response to an order to show cause and
appendix of exhibits [DE#12], and Petitioner's reply [DE#15].

## Claims

Ground One: Trial court error in admitting collateral
crimes evidence.

Ground One(a): Trial court error in admitting evidence of
the police officer's conduct in other cases.

1

<u>Ground Two:</u> Ineffective assistance of counsel in failing to properly advise Petitioner of an 18-year plea offer.

<u>Ground Two (a):</u> Ineffective assistance of counsel for establishing additional crime evidence during cross examination of State witness Liza Napa, Petitioner's second cousin.

<u>Ground Two (b):</u> Ineffective assistance of counsel in opening the door to otherwise inadmissible opinion testimony regarding the ultimate issue of guilt.

<u>Ground Two (c):</u> Ineffective assistance of counsel in failing to call and present two witnesses on Petitioner's behalf, Johnny Reices and Justin Reices.

<u>Ground Two (d):</u> Ineffective assistance of counsel in advising Petitioner not to testify.


<u>Procedural History</u>

Petitioner was convicted of sexual battery and lewd and lascivious molestation after a jury trial, and sentenced to 30 years in state prison, followed by 15 years of sex-offender probation. Petitioner appealed his conviction and sentence, and Florida's Fourth District Court of Appeal affirmed in a *per curiam* decision without written opinion. <u>Morales v. State</u>, 19 So.3d 994 (Fla. 4th DCA 2009). Petitioner then unsuccessfully pursued post-conviction relief pursuant to state law, which included an evidentiary proceedings as to one of his claims. Then on September 16, 2016, Petitioner filed the instant federal petition for writ of habeas corpus,[1] which Respondent concedes is timely filed.

---

[1]Prisoners' documents are deemed filed at the moment they are delivered to prison authorities for mailing to a court, and absent evidence to the contrary, will be presumed to be the date the document was signed. <u>See</u> <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001); <u>see</u> <u>also</u> <u>Houston v. Lack</u>, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)(setting forth the "prison mailbox rule").

Exhaustion

It is well-settled that a state prisoner must exhaust his state remedies prior to challenging his conviction in a habeas petition filed in federal court. See 28 U.S.C. §2254(b),(c); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)(explaining that the exhaustion requirement is a rule of comity designed to provide the state courts with an opportunity to correct the alleged constitutional violation in the first instance). State prisoners are therefore required to first "present the state courts with the same claim [they urge] upon the federal courts" prior to seeking relief on federal habeas review. Picard v. Connor, 404 U.S. 270, 275 (1971).

When a state allows review of a constitutional violation either on direct appeal or by collateral attack, a prisoner need only exhaust one avenue before seeking habeas corpus relief. Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987). A state prisoner thus satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan, 526 U.S. at 845. In sum, the exhaustion requirement is satisfied when a federal claim is fairly presented to the state's highest court, either on direct appeal or on collateral review. Reedman v. Thomas, 305 Fed.Appx. 544, 545 (11th Cir. 2008)(citing Castille v. Peoples, 489 U.S. 346, 351 (1989)).

The exhaustion requirement is also satisfied when a federal claim has not been presented (or fairly presented) to the state court, but it is clear that the claim would be prospectively procedurally barred under state law. Gray v. Netherland, 518 U.S. 152, 161-63 (1996)(citations omitted). In such a case, the petitioner no longer has a state-court remedy available within the meaning of §2255(b), and the procedurally barred claim will thus be

3

deemed exhausted by the federal courts.  Id.[2]  In keeping with the
same rationale, the exhaustion requirement is further satisfied
when a federal claim has in fact been presented to the state
courts, but explicitly rejected on state procedural grounds.
Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)(a habeas
petitioner who has defaulted his federal claims in state court
meets the technical requirements for exhaustion, since there are no
state remedies any longer "available" to him).   In both instances,
however, the state procedural bar that gives rise to exhaustion may
also provide an independent and adequate state-law ground for the
conviction and sentence, and thereby preclude federal review of the
procedurally defaulted claim.   See Gray, 518 U.S. at 161-62;
Coleman, 501 U.S. at 729 n. 1, 730-31.

        Finally, the Supreme Court has held that "ordinarily a state
prisoner does not 'fairly present' a claim to a state court if that
court must read beyond a petition or a brief (or a similar
document) that does not alert it to the presence of a federal claim
in order to find material, such as a lower court opinion in the
case, that does so." Baldwin, 541 U.S. at 32. "It is not enough
that all the facts necessary to support the federal claim were
before the state courts, or that a somewhat similar state-law claim
was made." Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 277,
74 L.Ed.2d 3 (1982).

        Here, Respondent contend that the claims that Petitioner
raises in Grounds One and One (a) are unexhausted and prospectively
procedurally barred because, although Petitioner raised these
claims on direct appeal, he couched them solely in terms of issues
of state law.

---

        [2]These claims will also be deemed procedurally defaulted by the federal
courts, since the state courts would find them to be procedurally barred under
state law.  See Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008); Collier v.
Jones, 910 F.2d 770, 773 (11th Cir. 1984).

Review of Petitioner's briefs on direct appeal reveal that the issues that Petitioner raises here in <u>Grounds One and One (a)</u> are indeed the same two issues that Petitioner raised on direct appeal. (DE#12, Exhibit 4). Moreover, review of Petitioner's brief further reveals that Petitioner did indeed couch the claim he raised in <u>Ground One</u> regarding the collateral crimes evidence solely in terms of Florida law and the Florida evidence code. Therefore, Respondent is correct that the claim Petitioner raises in <u>Ground One</u> in unexhausted. <u>Baldwin</u>, 541 U.S. at 32. Moreover, because Petitioner cannot now go back and re-raise this claim on direct appeal, the claim is also prospectively procedurally barred under state law. Therefore, it is similarly barred on federal habeas review. See <u>Gray</u>, 518 U.S. at 161-62; <u>Coleman</u>, 501 U.S. at 729 n. 1, 730-31.

The claim Petitioner raises in <u>Ground One (a)</u> regarding the officer's testimony of her conduct in other cases, however, presents a different story. With regard to this claim, counsel for Petitioner argued that "[t]he admission of this evidence denied Mr. Morales due process of law pursuant to . . . the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. (DE#12, Exhibit 4, Initial Brief of Appellant, p.18). Respondent's contention that this claim is unexhausted because Petitioner "never raised this as a federal claim or a violation of due process" is thus patently frivolous. (DE#12, p.17; <u>see also</u> DE#12, p.9).

## Standard of Review

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the

facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see also Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).  A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.  Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 405-06.  A federal court must presume the correctness of the state court's factual findings, unless the petitioner overcomes them by clear and convincing evidence.  See, 28 U.S.C. § 2254(e)(1); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).  So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed.  See Early v. Packer, 537 U.S. 3, 8 (2002).  To obtain habeas relief on a claim of ineffective assistance of counsel, the petitioner must show that the state court applied Strickland an objectively unreasonable manner."  Bell v. Cone, 535 U.S. 685, 699 (2002).[3]

---

[3]To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate both (1) that his counsel's performance was deficient, and (2) that he suffered prejudice as a result of that deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "To establish deficient performance, a defendant must show that his counsel's representation fell below an objective standard of reasonableness in light of prevailing professional norms at the time the representation took place." Cummings v. Sec'y for Dep't of Corr., 588 F.3d 1331, 1356 (11th Cir.2009).  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

It is well-settled that a habeas petitioner must allege facts that, if proved, would entitle him to relief. See Blackledge v. Allison, 431 U.S. 63, 75 n. 7, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (noting that notice pleading is not sufficient for habeas petition) (citing Advisory Committee Note to Rule 4, Rules Governing Section 2254 Cases); Rule 2, Rules Governing § 2254 Cases (requiring petitioner to state "facts supporting each ground" and "relief requested"); see also Schriro v. Landrigan, 550 U.S. 465, 474-75, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007) (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). The pleading requirements for a petition for writ of habeas corpus under §2254 apply equally with regard to claims of ineffective assistance of counsel. Conclusory allegations of ineffective assistance of counsel are insufficient to state a claim. See Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)(conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue). A petitioner's claims of ineffective assistance of counsel are thus subject to summary dismissal when they "are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'" Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)(citations omitted). A habeas petitioner's claim of ineffective assistance of counsel will thus fail unless he affirmatively demonstrates both attorney error and resulting prejudice by alleging facts or specific details to identify precisely how his attorney failed to fulfill his obligations. See Spillers v. Lockhart, 802 F.2d 1007, 1010 (8th Cir. 1986).

In <u>Ground One (a)</u>,[4] Petitioner claims trial court error in admitting evidence of the police officer's conduct in other cases. In support of this claim, Petitioner alleges that, during the cross-examination of the lead detective, she stated on two occasions that she believed the victim, and was further allowed to testify over defense counsel's objection that she does not believe every victim that she interviews.

Questions regarding the admissibility of evidence are matters of state law, generally not cognizable on federal habeas review. <u>See</u> <u>Engle v. Isac</u>, 456 U.S. 107, 119 (1982); <u>Lisenba v. California</u>, 314 U.S. 219, 228, 62 S.Ct. 280, 86 L.Ed. 166 (1941); <u>Sims v. Singletary</u>, 155 F.3d 1297, 1312 (11th Cir. 1998); <u>McCoy v. Newsome</u>, 953 F.2d 1252, 1265 (11th Cir. 1992); <u>Osborne v. Wainwright</u>, 720 F.2d 1237, 1238 (11th Cir. 1983). Absent a constitutional violation, the Florida courts are the final arbiter of Florida evidentiary law. <u>See</u> <u>Mills v. Singletary</u>, 161 F.3d 1273, 1289 (11th Cir.1998), cert. denied, 528 U.S. 1082, 120 S.Ct. 804, 145 L.Ed.2d 677 (2000); <u>Hunt v. Tucker,</u> 93 F.3d 735, 737 (11th Cir.1996)(per curiam). Therefore, a federal court can issue a writ of habeas corpus on the basis of a state court evidentiary ruling admitting evidence only when the ruling was of such magnitude as to deny the defendant a fundamentally fair trial. <u>See</u> <u>Baxter v. Thomas</u>, 45 F.3d 1501, 1509 (11th Cir. 1995); <u>Osborne</u>, 720 F.2d at 1238. If the evidence objected to was not so crucial, critical, or highly significant as to deny the petitioner a fundamentally fair trial, habeas corpus relief should be denied. <u>Hall v. Wainwright</u>, 733 F.2d 766 (11th Cir. 1984); <u>Jameson v. Wainwright</u>, 719 F.2d 1125 (11th Cir. 1983). Moreover, such trial court errors are subject to

---

[4]As set forth above, the claim Petitioner raises in <u>Ground One</u> is unexhausted and prospectively procedurally barred under state law, and thus similarly barred from federal habeas review. Therefore, the merits of that claim are not discussed.

the harmless error analysis and will not be the basis of federal habeas relief unless the error "had substantial and injurious effect or influence in determining the jury's verdict." <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 623 (1993).

Here, the record reveals that the statements at issue were made in the context of the defense attempting to undermine the detective's credibility by suggesting that she did not conduct an adequate investigation because she had already formed an opinion about Petitioner's guilt. The statement was thus relevant to the theory of the defense. In addition, the victim herself testified and the jury thus had the opportunity to observe her demeanor and testimony first hand, and to thereby form its own opinion of her credibility. Moreover, the victim's mother also testified regarding the victim's extreme emotional reaction upon learning that Petitioner would be returning from Puerto Rico, where he had moved after the alleged conduct at issue. Thus, when viewed not only in the context of the specific line of questioning but also in the context of the entire trial, it cannot be said that the objected-to testimony was so significant as to deny Petitioner a fundamentally fair trial. As such, Petitioner is not entitled to relief on this claim. <u>See</u> <u>Hall</u>, 733 F.2d at 766; <u>Jameson</u> , 719 F.2d at 1125sd; <u>see also</u> <u>Brecht</u>, 507 U.S. at 623 (trial court errors are subject to the harmless error analysis and will not be the basis of federal habeas relief unless the error "had substantial and injurious effect or influence in determining the jury's verdict").

Based on the foregoing, the state court's disposition of this claim is not in conflict with clearly established federal law or based on an unreasonable determination of the facts. Consequently, petitioner is not entitled to federal habeas corpus relief on this claim. 28 U.S.C. § 2254(d); <u>Williams</u>, 529 U.S. at 405-06.

In Ground Two, Petitioner claims ineffective assistance of counsel in failing to properly advise Petitioner of an 18-year plea offer. In support of this claim, Petitioner alleges that he rejected the State's plea offer because counsel advised him that, even if he lost at trial, which counsel allegedly commented they had a "good shot" at winning, Petitioner would not receive more than the 18-year plea offer.

The Sixth Amendment guarantees a defendant the right to counsel present at all "critical" stages of the criminal proceedings. Missouri v. Frye, ---U.S. ----, 132 S.Ct. 1399, 1405, 182 L.Ed.2d 379 (2012)(internal citations and quotations omitted). Critical stages include arraignments, postindictment interrogations, postindictment lineups, and the entry of a guilty plea. Id. The Sixth Amendment right to effective assistance of counsel also extends to the plea negotiation context. Id. at 1405-09; Lafler v. Cooper, --- U.S. ----, 132 S.Ct. 1376, 1384, 182 L.Ed.2d 398 (2012)(internal citations omitted). The Strickland framework thus applies to advice regarding whether to plead guilty. Hill v. Lockhart 474 U.S. 52, 58-59, 106 S.Ct. 366, 370-71, 88 L.Ed.2d 203 (1985). In this context, the analysis of the performance prong is the same, but the prejudice component "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process," and not on the fairness of the trial. Hill, 474 U.S. at 59; see also LaFler 132 S.Ct. at 1381 (where a plea offer has been rejected, "the question is not the fairness or reliability of the trial but the fairness and regularity of the processes that preceded it, which caused the defendant to lose benefits he would have received in the ordinary course but for counsel's ineffective assistance").

It is well-settled that the first part of the Strickland test asks whether "counsel's assistance was reasonable considering all the circumstances." 466 U.S. at 688. Of course, an attorney has

a duty to advise a defendant, who is considering a guilty plea, of the available options and possible sentencing consequences. <u>Brady v. United States</u>, 397 U.S. 742, 756 (1970). The law requires counsel to research the relevant law, and facts and to make informed decisions regarding the fruitfulness of various avenues. <u>United States v. Grammas</u>, 376 F.3d 433, 436 (5th Cir. 2004); <u>see also</u> <u>Von Moltke v. Gillies</u>, 332 U.S. 708, 721, 68 S.Ct. 316, 322, 92 L.Ed. 309 (1948)("Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered. Determining whether an accused is guilty or innocent of the charges in a complex legal indictment is seldom a simple and easy task for a layman ...."). Beyond that, however, it is exceedingly difficult to define counsel's duties and responsibilities in the plea-bargaining context. <u>Frye</u>, 132 S.Ct. at 1408. "The art of negotiation is at least as nuanced as the art of trial advocacy and it presents questions farther removed from immediate judicial supervision." <u>Premo v. Moore</u>, 562 U.S. ----, ----, 13 S.Ct. 733, 741, 178 L.Ed.2d 649 (2011). "Bargaining is, by its nature, defined to a substantial degree by personal style. The alternative courses and tactics in negotiation are so individual that it may be neither prudent nor practicable to try to elaborate or define detailed standards for the proper discharge of defense counsel's participation in the process." <u>Frye</u>, 132 S.Ct. at 1408.

In order to establish prejudice in the context of a rejected plea offer,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence,

or both, under the offer's terms would have been less
severe than under the judgment and sentence that in fact
were imposed.

_Lafler_, 132 S.Ct. at 1385.[5]

In cases where a plea offer has been rejected, application of
_Strickland's_ second prong thus requires a showing that there is a
reasonable probability that, but for counsel's alleged errors, the
defendant would have accepted the plea offer.  _Frye_, 132 S.Ct at
1409; _Coulter v. Herring_, 60 F.3d 1499, 1504 (11th Cir. 1995)(when
an ineffective-assistance-of-counsel claim concerns the rejection
of an offered plea agreement, the defendant must show that there is
a reasonable probability that, but for counsel's errors, he would
have pleaded guilty and would not have insisted on going to
trial)(_quoting_ _Hill_, 474 U.S. at 58); _Toepfer v. United States_, 518
Fed.Appx. 834, (11th Cir. 2013)("To prove prejudice in the context
of a foregone guilty plea, a prisoner must, at a minimum, establish
that there is reasonable probability that, but for counsel's
deficient advice, he would have pleaded guilty and would not have
insisted on going to trial)(_citing_ _Lafler_, 132 S.Ct. 1376, 1385,
182 L.Ed.2d 398 (2012); _Coulter v. Herring_, 60 F.3d 1499, 1504 (11th
Cir. 1995); _see_ _also_ _LaFler_, 132 S.Ct. at 1386 ("prejudice can be
shown if the loss of a plea opportunity led to a trial resulting in
a conviction on more serious charges or the imposition of a more
severe sentence").  Where a defendant was aware of the plea offer,

---

[5]In _Frye_, the Supreme Court articulated the standard similarly, as follows:

Defendants must also demonstrate a reasonable probability the plea
would have been entered without the prosecution canceling it or the
trial court refusing to accept it, if they had the authority to
exercise that discretion under [applicable] law.  To establish
prejudice in this instance, it is necessary to show a reasonable
probability that the end result of the criminal process would have
been more favorable by reason of a plea to a lesser charge or a
sentence of less prison time.

_Frye_, 132 S.Ct. at 1409.

was fully informed of the nature of the charges and potential sentences, and did not object to its rejection, his claim of ineffective assistance of counsel regarding the plea offer fails. See Diaz v. United States, 930 F.2d 832, 834-35 (11th Cir. 1991); Doe v. United States, 2010 WL 1737606, *6-7 (S.D.Ga. 2010); Scott v. United States, 325 Fed.Appx. 822, 824 (11th Cir. 2009)(unpublished).

Finally, with regard to the showing required to establish that the defendant would have accepted the plea offer, the defendant's mere allegation that he or she would have plead guilty, although necessary, is ultimately insufficient to warrant relief. See Cook v. United States, 189 Fed.Appx. 927, 932 (11th Cir. 2006)(defendant's after-the-fact assertion, standing alone, insufficient to establish that defendant would have accepted plea offer)(citing Diaz, 930 F.2d at 835); see also U.S. v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002)(stating that defendant's mere allegation that he or she would have insisted on trial is ultimately insufficient to warrant relief in context where defendant accepted plea offer); Hutchings v. U.S., 618 F.3d 693 (7th Cir. 2010); U.S. v. Farley, 72 F.3d 158, 165 (D.C. Cir. 1995). Rather, in the guilty plea context, the defendant must generally come forward with some objective evidence that he or she would have proceeded differently, but for the alleged misadvice. See Hutchings, 618 F.3d at 697. Indeed, there must be some showing that the defendant's decision would have been rational under the circumstances. See Padilla v. Kentucky, 559 U.S. 356, 372, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). As such, the court must look to the totality of the objective factual circumstances surrounding the plea in order to determine whether there is a reasonable probability that the result of the proceeding would have been different. See, generally, Hill, 474 U.S. at 59; Hutchings, 618 F.3d at 697.

Based on the foregoing reasoning, courts have thus routinely found that self-serving statements that a defendant would have pled guilty are insufficient to merit relief. Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991) ("Given [defendant's] awareness of the plea offer, his after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer."); Toro v. Fairman, 940 F.2d 1065, 1068 (7th Cir. 1991) (defendant "must establish through objective evidence that there is a reasonable probability that, but for counsel's advice, he would have accepted the plea" and defendant's self-serving statement that he "would have *** been insane" to reject a guilty plea if properly advised was by itself insufficient to establish prejudice); United States v. Gordon, 156 F.3d 376, 380-81 (2d Cir. 1998) (per curiam) (stating that a "defendant's self-serving, post-conviction testimony regarding *** intent with respect to a plea offer" was insufficient by itself to establish prejudice).

Finally, it bears noting that the Eleventh Circuit has repeatedly stated that a defendant's claim that he or she would have accepted a plea if properly informed is undermined by repeated claims of innocence. See Osley v. United States, 751 F.3d 1214, 1224-1225 (11th Cir. 2014) (while defendant's denial of guilt at original and resentencing hearings is not dispositive on question whether he would have pled guilty, it is nonetheless a relevant consideration); Pericles v. United States, 567 Fed.Appx. 776, 781, (11th Cir. 2014) ("In light of Pericles's insistence that he is innocent of the offense, there is no reasonable probability that he would have pled guilty if, before Pericles pled, his attorney had reviewed his criminal history."); Frank v. United States, 522 Fed.Appx. 779, 781 (11th Cir. 2013) (per curiam) (rejecting ineffective assistance of counsel claim where record showed the

petitioner would not accept any plea offer requiring registration as a sex offender – a term that government's rejected plea agreement contained); Oliver v. United States, 292 Fed.Appx. 886, 887-888 (11th Cir. 2008) (per curiam) (claiming innocence throughout trial and sentencing undermines claim that a petitioner would have accepted a plea agreement). And other circuits have stated so as well. See Humphress v. United States, 398 F.3d 855, 859 (6th Cir. 2005) (noting that defendant's assertion of innocence during and after trial undermined his contention that he would have accepted a plea deal); Sanders v. United States, 341 F.3d 720, 723 (8th Cir. 2003) ("A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer."); Cullen v. United States, 194 F.3d 401, 407 (2d Cir. 1999) (same); United States v. Stevens, 149 F.3d 747, 748 (8th Cir. 1998) (same).

In this case, review of the record reveals that Petitioner knew of the offer, rejected it, and was told that should he go to trial he was facing a maximum of thirty (30) years in prison. (DE#12, Exhibit 2, Transcript, pp.3-4). Thus, even assuming that counsel did tell Petitioner that he could not receive more than the 18-year offer, any such error was cured when the trial court explicitly advised Petitioner of the applicable potential maximum penalty. See Barker v. United States, 7 F.3d 629, 633-34 (7th Cir. 1993)(finding no ineffective assistance of counsel because any prejudice caused by counsel's misinformation was cured by the district court's thorough examination of defendant at the change of plea hearing); United States v. Hamm, 2012 WL 3643196, *3 (M.D.Pa. 2012)(any prejudice from earlier, off-the-record prediction by counsel was cured by the Court's advisement, and defendant's acknowledgment, regarding applicable sentencing designation,

advisory guideline range, and maximum sentence permitted by law); see also United States v. Pease, 240 F.3d 938, 941–42 (11th Cir. 2001)(affirming the denial of a motion to withdraw a guilty plea although counsel misrepresented the defendant's potential sentence because the defendant was informed at the plea colloquy that any sentencing estimate was not binding on the court). Moreover, Petitioner offers nothing other than his own self-serving, after-the-fact assertions that he would have accepted the eighteen (18) year plea. However, as set forth above, it is well-settled that this is insufficient to establish that, but for the alleged misadvice, that Petitioner would have accepted the offer. See Cook, 189 Fed.Appx. at 932 (defendant's after-the-fact assertion, standing alone, insufficient to establish that defendant would have accepted plea); Toro, 940 F.2d at 1068 (a defendant "must establish through objective evidence that there is a reasonable probability that, but for counsel's advice, he would have accepted the plea" and defendant's self-serving statement that he "would have been insane" to reject a guilty plea if properly advised was by itself insufficient to establish prejudice); Gordon, 156 F.3d at 380-81 ("defendant's self-serving, post-conviction testimony regarding intent with respect to a plea offer" is insufficient by itself to establish prejudice).

Based on the foregoing, the state court's disposition of this claim did not result in the application of Strickland to the facts of this case in an objectively unreasonable manner. Consequently, Petitioner's claim similarly fails in this forum. See Bell, 535 U.S. at 699 (to obtain habeas relief, Petitioner must show state court applied Strickland in an objectively unreasonable manner); see also 28 U.S.C. § 2254(d); Williams, 529 U.S. 362, 405-06.

In Ground Two (a), Petitioner claims ineffective assistance of counsel for establishing additional crime evidence during cross-examination of State witness Liza Napa, Petitioner's second cousin.

In support of this claim, Petitioner alleges that defense counsel elicited from Ms. Napa the precise number of time that Petitioner allegedly sexually abused her when she was either prepubescent or a young teenager, and that Petitioner allegedly exposed himself to her when she was 24.

It is well-settled that reasonable strategic choices by counsel regarding the various plausible options in a given case are "virtually unchallengeable." Strickland, 466 U.S. at 690. Even if in retrospect the strategy to pursue one line of defense over another appears to have been wrong, the decision will be held ineffective only if it was so patently unreasonable that no competent attorney would have chosen it. Adams v. Wainwright, 709 F.2d 1443, 1145 (11th Cir. 1983). Accordingly, tactical or strategic choices by counsel cannot support a collateral claim of ineffective assistance. See Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000)(en banc), cert. denied, 531 U.S. 1204 (2001)(holding that counsel cannot be deemed incompetent for performing in a particular way in a case as long as the approach taken "might be considered sound trial strategy")(quoting Darden v. Wainwright, 477 U.S. 168 (1986)); United States v. Costa, 691 F.2d 1358 (11th Cir. 1982); see also Foster v. Strickland, 707 F.2d 1339, 1343-44 (11th Cir. 1983)(stating that "Petitioner, who preempted his attorney's strategy choice, cannot now claim as erroneous the very defense he demanded [his attorney] present."), cert. denied, 466 U.S. 993 (1984).

Here, review of the record reveals that defense counsel asked the questions at issue in an effort to undermine Ms. Napa's credibility, specifically drawing attention to the fact that she had omitted from her testimony a seemingly critical allegation that Petitioner had exposed himself to her when she was 24. (See DE#12, Exhibit 2, Transcript, pp.259-63). Petitioner offers nothing that would overcome the strong presumption that counsel made the

decision to cross-examine Ms. Napa in this way in the exercise of professional judgment. See Strickland, 466 U.S. at 690 ("counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment"). He also fails to offer anything that would establish any reasonable probability that the outcome of the proceeding would have been different if counsel had not cross-examined Ms. Napa in this way. See Id. at 693-94 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

Based on the foregoing, the state court's disposition of this claim did not result in the application of Strickland to the facts of this case in an objectively unreasonable manner. Consequently, Petitioner's claim similarly fails in this forum. See Bell, 535 U.S. at 699 (to obtain habeas relief, Petitioner must show state court applied Strickland in an objectively unreasonable manner); see also 28 U.S.C. § 2254(d); Williams, 529 U.S. 362, 405-06.

In Ground Two (b), Petitioner claims ineffective assistance of counsel in opening the door to otherwise inadmissible opinion testimony regarding the ultimate issue of guilt. In support of this claim, Petitioner alleges that, during cross-examination of the lead detective, counsel opened the door to her testifying that she believed the victim.

As set forth above, it is well-settled that reasonable strategic choices by counsel regarding the various plausible options in a given case are "virtually unchallengeable." Strickland, 466 U.S. at 690. Rather, even if in retrospect the strategy to pursue one line of defense over another appears to have been wrong, the decision will be held ineffective only if it was so

patently unreasonable that no competent attorney would have chosen it. <u>Adams</u>, 709 F.2d at 1145.

Here, as set forth in the discussion of <u>Ground One (a)</u>, above, review of the record reveals that defense counsel "opened the door" to the issue of whether the lead detective believed the victim, whether inadvertently or not, in an effort to undermine the detective's credibility by suggesting that she did not conduct an adequate investigation because she had already formed an opinion about Petitioner's guilt. As further set forth in the discussion of <u>Ground One</u>, above, the statement was thus relevant to the theory of the defense. Petitioner again offers nothing that would overcome the strong presumption that counsel made the decision to cross-examine the lead detective in this way in the exercise of professional judgment. <u>See</u> <u>Strickland</u>, 466 U.S. at 690 ("counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment"). And Petitioner again fails to offer anything that would establish any reasonable probability that the outcome of the proceeding would have been different if counsel had not cross-examined the lead detective in this way. More specifically, as also set forth in the discussion of <u>Ground One</u>, above, there was ample evidence upon which to convict Petitioner, including testimony from the victim herself and the victim's mother, as well as the testimony of Petitioner's second cousin, whom Petitioner also allegedly abused. As such, in addition to not being able to establish deficient performance, Petitioner similarly cannot establish prejudice. <u>See</u> <u>Id.</u> at 693-94 ("It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, . . . and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding . . .").

Based on the foregoing, the state court's disposition of this claim did not result in the application of <u>Strickland</u> to the facts of this case in an objectively unreasonable manner. Consequently, Petitioner's claim similarly fails in this forum. <u>See</u> <u>Bell</u>, 535 U.S. at 699 (to obtain habeas relief, Petitioner must show state court applied <u>Strickland</u> in an objectively unreasonable manner); <u>see</u> <u>also</u> 28 U.S.C. § 2254(d); <u>Williams</u>, 529 U.S. 362, 405-06.

In <u>Ground Two (c)</u>, Petitioner claims ineffective assistance of counsel in failing to call and present two witnesses on Petitioner's behalf, Johnny Reices and Justin Reices. In support of this claim, Petitioner alleges that counsel failed to investigate and depose these two witnesses, who were the victim's brothers, and who allegedly "could have exonerated the Petitioner where the witnesses would have testified consistently with Defendant actual innocence." (DE#1).

"Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." <u>Buckelew v. United States</u>, 575 F.2d 515, 521 (5th Cir. 1978). Indeed, "[w]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision and it is one that [the courts] will seldom, if ever, second guess." <u>Waters v. Thomas</u>, 46 F.3d 1506, 1512 (11th Cir. 1995); <u>see</u>, <u>also</u>, <u>United States v. Guerra</u>, 628 F.2d 410, 413 (5th Cir. 1980)("Complaints concerning uncalled witnesses impose a heavy showing since the presentation of testimonial evidence is a matter of trial strategy and often allegations of what a witness would have testified to are largely speculative"). As a general matter, trial counsel is not ineffective in failing to call witnesses whose testimony would largely be cumulative of evidence the jury did hear. <u>See</u> <u>Matthews v. Workman</u>, 577 F.3d 1175, 1192-93 (10th Cir. 2009); <u>see</u> <u>also</u> <u>Walker v. Secretary, Florida Dept. of Corrections</u>, 495 Fed.Appx. 13 (11th

Cir. 2012)(counsel not ineffective in failing to call alibi witness
where testimony would have been cumulative and jury could have
viewed the testimony as incredible); Johnston v. Singletary 162
F.3d 630, 639 (11th Cir. 1998)(counsel was not ineffective for
failing to present additional witnesses whose testimony would have
been cumulative). "[E]vidence about the testimony of a putative
witness must generally be presented in the form of actual testimony
by the witness or on affidavit. A defendant cannot simply state
that the testimony would have been favorable; self-serving
speculation will not sustain an ineffective assistance claim."
United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991)
(footnotes omitted). In other words, to successfully assert that
trial counsel should have called a witness, a petitioner must first
make a sufficient factual showing substantiating the proposed
witness testimony. United States v. Schaflander, 743 F.2d 714, 721
(9th Cir. 1984).

It appears from the arguments made in Petitioner's post-
conviction proceedings that he means to allege that these witnesses
would have testified that they slept in the same bed with the
victim and Petitioner when alleged abuse occurred, and that the
victim slept in between them and Petitioner and wrapped herself in
a blanket as they slept. However, the victim herself testified
that this was how they all slept, so in this regard the testimony
would have been cumulative. And as set forth above, trial counsel
is generally not ineffective in failing to call witnesses whose
testimony would largely be cumulative of evidence the jury did
hear. See Matthews, 577 at 1192-93; Walker, 495 Fed.Appx. at 13;
Johnston, 162 F.3d at 639. In addition, the review of the record
reveals that the victim testified that her brothers were only
present for one of the instances of abuse and that, although she
made it a point to sleep between her brothers and wrap herself in
a blanket, Petitioner would somehow end up next to her and inside

of the blanket. (DE#10, Exhibit 2, pp.180-81). Thus, Petitioner's claims that the two witnesses' testimony would have exonerated him is wholly conclusory in light of the evidence presented at trial. However, as set forth above, conclusory claims of ineffective assistance of counsel are insufficient to warrant federal habeas relief. <u>See</u> <u>Hill</u>, 474 U.S. at 52; <u>Wilson</u>, 962 F.2d at 998; <u>Tejada</u>, 941 F.2d at 1559. Moreover, Petitioner has failed to proffer the testimony at issue. His claim of ineffectiveness in failing to call these two witness at trial thus fails on this basis as well. <u>See</u> <u>Ashimi</u>, 932 F.2d at 650; <u>Schaflander</u>, 743 F.2d at 721.

Based on the foregoing, the state court's disposition of this claim did not result in the application of <u>Strickland</u> to the facts of this case in an objectively unreasonable manner. Consequently, Petitioner's claim similarly fails in this forum. <u>See</u> <u>Bell</u>, 535 U.S. at 699 (to obtain habeas relief, Petitioner must show state court applied <u>Strickland</u> in an objectively unreasonable manner); <u>see</u> <u>also</u> 28 U.S.C. § 2254(d); <u>Williams</u>, 529 U.S. 362, 405-06.

In <u>Ground Two (d)</u>, Petitioner claims ineffective assistance of counsel in advising Petitioner not to testify. In support of this claim, Petitioner alleges that counsel misadvised him that the nature of his prior conviction would come up if he testified, thereby causing Petitioner to involuntarily waive his right to testify on his own behalf. Petitioner further alleges that his testimony was critical because the defense was reasonable doubt, and that there is a reasonable probability that the result of the proceeding would have been different had he testified.

It is well settled that a criminal defendant has a fundamental constitutional right to testify in his or her own behalf at trial. <u>Rock v. Arkansas</u>, 483 U.S. 44, 49-52, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987); <u>United States v. Teague</u>, 953 F.2d 1525, 1532 (11th Cir. 1992)(<em>en banc</em>). This right is personal to the defendant, and cannot be waived by the trial court or defense counsel. <u>Teague</u>,

*supra*; <u>Brown v. Artuz</u>, 124 F.3d 73, 77-78 (2nd Cir. 1997). The
burden of ensuring that a criminal defendant is informed of the
nature and existence of the right to testify rests upon trial
counsel, and is therefore a component of effective assistance of
counsel. <u>Teague</u>, 953 F.2d at 1533; <u>Sexton v. French</u>, 163 F.3d 874,
882 (4th Cir. 1998). As long as an attorney advises a criminal
defendant of his right to testify and does not prevent him or her
from testifying, the attorney's strategic decision not to call the
defendant as a witness is entitled to great deference. <u>See</u> <u>Gallego
v. United States</u>, 174 F.3d 1196, 1197 (11th Cir. 1989)(noting that
ineffective assistance of counsel occurs when "counsel refused to
accept the defendant's decision to testify and refused to call him
to the stand, or where defense counsel never informed the defendant
of his right to testify"). Proof that counsel refused to accept
Petitioner's decision to testify in his own behalf at trial would
satisfy the first prong of the <u>Strickland</u> analysis. <u>Id.</u> In order
to establish that he was prejudiced by an alleged denial of his
right to testify, Petitioner would have to show that there is a
reasonable probability that his testimony would have changed the
outcome of the trial. <u>Franklin v. United States</u>, 227 Fed.Appx.
856, 860 (11th Cir. 2007)(*citing* <u>United Stats v. Tavares</u>, 100 F.3d
995, 998 (D.C. Cir. 1996).

Here, the state trial court held an evidentiary hearing
regarding this claim. At the hearing, both counsel for Petitioner
at trial - Erin Veit and Brian Reidy - testified. As to whether
she had told him the jury would hear the specifics of domestic
violence battery charge should he testify, Veit testified: "I could
answer specifically to Mr. Morales, one hundred ten percent we
hever had that conversation. It is not something that I would ever
advise any client and I can tell you, specifically, that I never
had that conversation with Mr. Morales" (DE#12, Exhibit 14,
Transcript, p.9). Reidy similarly testified that he never told

Petitioner that the jury would know the specific nature of his prior convictions (Id. at p.22).  According to Reidy, Petitioner did not want to testify and he was told by Reidy and Veit that his misdemeanor battery would not be a factor in his testimony (Id. at p.26).  Petitioner did not testify at the post-conviction evidentiary hearing on this claim as to the the substance of any conversations with his counsel. As a result, post-conviction counsel relied upon Petitioner's motion (Id. at 36).

In denying Petitioner relief on this claim, the state post-conviction court specifically found that there was no credible evidence that counsel had misadvised Petitioner that the jury wold learn the nature of his prior conviction, had he chosen to testify in his own behalf.  (Id. at 37).  This finding is supported by competent and substantial evidence as set forth above, and is of course entitled to substantial deference.  See Maharaj v. Sec'y for Dep't of Corr., 432 F.3d 1292, 1315 (11th Cir. 2005)(citing 28 U.S.C. §2254(e)(1)(noting that "a determination of a factual issue made by a State court shall be presumed to be correct" and that an "applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence")).  Petitioner fails to make any allegations that would rebut the presumption of correctness afforded to the state court's finding that defense counsel never misadvised him regarding whether the jury would learn of the nature of his prior conviction.

Based on the foregoing, the state court's disposition of this claim did not result in the application of Strickland to the facts of this case in an objectively unreasonable manner.  Consequently, Petitioner's claim similarly fails in this forum.  See Bell, 535 U.S. at 699 (to obtain habeas relief, Petitioner must show state court applied Strickland in an objectively unreasonable manner); see also 28 U.S.C. § 2254(d); Williams, 529 U.S. 362, 405-06.

<u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the 2applicant," and that if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. Rule 11(a) further provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." <u>Id.</u> Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Habeas Rules.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" <u>Rose v. Lee</u>, 252 F.3d 676, 684 (4th Cir.2001)(<u>quoting</u> <u>Slack</u>, 529 U.S. at 484). "Each component of the §2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt

manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." <u>Slack</u>, 529 U.S. at 484-85.

Having determined that some of Petitioner's claims are barred on procedural grounds and that Petitioner's remaining claims fail on the merits, the court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in the instant motion. After reviewing the issues presented in light of the applicable standard, the court concludes that reasonable jurists would not find debatable the correctness of the court's procedural rulings. The court further concludes that reasonable jurists would not find the court's treatment of any of Petitioner's remaining claims debatable and that none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is not warranted. <u>See</u> <u>Miller-El</u>, 537 U.S. at 336-38; <u>Slack</u>, 529 U.S. at 483-84; <u>see</u> <u>also</u> <u>Slack</u>, 529 U.S. at 484-85 (each component of the §2253(c) showing is part of a threshold inquiry); <u>Rose</u>, 252 F.3d at 684.

Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be DENIED, and that no certificate of appealbility be issued.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report, including any objections to the recommendation that no certificate of appealability be issued.

SIGNED this 12th day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Primitivo Morales
    L73517
    Wakulla Correctional Institution
    Inmate Mail/Parcels
    110 Melaleuca Drive
    Crawfordville, FL 32327

    Mitchell A. Egber
    Attorney General Office
    1515 N Flagler Drive
    9th Floor
    West Palm Beach, FL 33401-3432